**Form to be used by a prisoner filing a civil rights complaint under**
**THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**    RECEIVED

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

NOV – 6 2020

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

David Andrew Luebkeman

DOC# 539301            20-cv-1444          Sec.P

**Full Name of Plaintiff, Prisoner Number**      **Civil Action**

VS.                                               _____

                                                  **Judge**

Woodsprings Inn and Suites Hotel

**Full Name of Defendant** (West Monroe, La)  **Magistrate Judge**

## COMPLAINT

### I.    Previous Lawsuits

    A.  Have you begun any other lawsuit while incarcerated or detained in any facility?
        Yes _____      No ____✓

    B.  If your answer to the preceding question is yes, provide the following information.

        1.  State the court(s) where each lawsuit was filed (if federal, identify the District; if state court, identify the county or parish):

        2.  Name the parties to the previous lawsuit(s):

            Plaintiffs: _____

            Defendants: _____

        3.  Docket number(s): _____

        4.  Date(s) on which each lawsuit was filed: _____

        5.  Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

2

C.  Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

Yes _____  No ____✓____

If your answer to the preceding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

_____

_____

_____

II.  A.  Name of institution and address of current place of confinement:

Ouachita  Parish  Correctional  Center
4801  Hwy.  165  Bypass  South;  Monroe, La.  71203

B.  Is there a prison grievance procedure in this institution?

Yes ___✓___  No _____

1.  Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

Yes _____  No ___✓___

If Yes, what is the Administrative Remedy Procedure number? _____

2.  If you did not file an administrative grievance, explain why you have not done so.

_____ Not  a  grievance  action _____

_____

3.  If you filed an administrative grievance, answer the following question.

What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

_____

_____

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III.  Parties to Current Lawsuit:

A.  Name of Plaintiff _____ David  Andrew  Luebkeman _____

3

Address ___4801  Hwy. 165  Bypas  South, Monroe, La. 7120__
                                                                                          2

B.  Defendant, __Woodsprings  Inn and Suites__ is employed as

_____ at __Woodsprings  Inn and Suites Hotel__
                                                              __Blanchard  Street, West  Monroe, La.__
                                                                                                71292
Defendant, _____, is employed as

_____ at _____.

Defendant, _____, is employed as

_____ at _____.

Additional defendants _____

_____

## IV.  Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4

## V.  Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

_____

_____

_____

VI.  Plaintiff's Declaration

A. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

B. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

Signed this  4  day of  November  , 2020.

DOC # 539301 / SID 2024499          David Lullbena
Prisoner no. (Louisiana Department of          Signature of Plaintiff
Corrections or Federal Bureau of Prisons)

4/03

IV.     Statement of Claim

December 1, 2019, I David Andrew Luebkeman was a guest at the Woodsprings Inn and Suites Hotel on Blanchard Street in West Monroe, La. I was staying in a room with Kristina Sharbono, but also present was Tara Burchell. One of the assailants, to this heinous crime, was identified as Derrick Wade Auttonberry. Mr. Auttonberry had gained entry earlier in the day to the room, while Ms. Sharbono and myself were out shopping. It is unclear as to how Mr. Auttonberry had gained access to a room not registered to him. When Ms. Sharbono and myself returned to the hotel, we couldn't get into our room. After multiple attempts we asked to speak to the manager of the hotel. The manager escorted us to the room, where it was determined that someone was in the room and that person had locked it from the inside. After several unsuccessful attempts to get the individual inside to open the door, the manager attached a device to the door. Several minutes later we discovered the refrigerator had been pulled out and used to block the entrance into the room. We were able to move the refrigerator and that is where we discovered Mr. Auttonberry unresponsive or unconscious on the floor. We checked to make sure Mr. Auttonberry was breathing, before attempting to revive him. When

Mr. Auttonberry was coherent enough to stand, he was told by the hotel manager to leave and not return. If he returned to the property, he would be tresspassing and the police would be notified. After Mr. Auttonberry's departure from the property, a surrender of all cards assigned to our room was done. New ones were issued.

In the early morning hours later that night, two males gained entry to the hotel through the (west) side entrance. Posing as security personel for the hotel, they knocked on our door. When I opened the door, they quickly entered and began pulling out weapons. I asked them what they wanted? One of the males replied, "We brought some toys to play with." Almost instantly I was being vicously assaulted by both men with the weapons. I managed to escape from the room and into the hotel lobby before collapsing. The hotel desk attendant called the police and 911. I was transported by way of ambulance to the emergency room at Glenwood Medical Center. I was given an X-ray and cat-scan and diagnosed with head trauma, broken facial bones, and severe face lacerations. I was treated for the lacerations, given anti-biotics and pain medicine and released, pending investigation with the police. Detectives with the WMPD (West Monroe Police Department)

took pictures of the injuries. The assailants had fled the scene, but apparently one of the males had been apprehended a short time later. He was identified as Derrick Wade Auttonberry.

There are four ways to enter the hotel. There are entrances facing east, west, north, and south. The entrance facing south would be the hotel lobby. The doors facing east, west, and north are all electronic lock, with key card admittance only. The hotel lobby also has a door with key card entry only. Without a card, programed to your room, as a guest, you would be denied entry into the hotel. The east, west, north doors all have signs drilled into the wall that say, "Doors must remained locked 24/hours a day, security cameras are monitoring." The security cameras would have captured the two assailants entrance and departure from the building.

Two weeks after the attack, a "Out of Order" sign was posted on the (west) entrance to the hotel. The door stood ajar 3-4 inches. It is unclear if there was something wrong or broken with the west entrance door at the time of the assault. Security cameras can confirm.

There is a open pending charge against Mr. Auttonberry for aggravated battery with a deadly weapon.

## V.    Relief

I am seeking monetary compensation for disfigurement, mental pain and suffering, medical bills and loss of feeling in my face. The hotels negligence and lack of security and safe regard for their guest resulted in the injuries sustained while staying at their hotel.

## Support

La. Civil Code Art. 2317.1 makes an "owner" or "custodian" of a "thing" liable for damages caused by a "ruin, vice, or defect" in the thing 1) That the thing was in the defendants custody, 2) That the thing contained a defect that presented an unreasonable risk of harm to others 3) That this defective condition caused damage 4) That the defendant knew or should have known of the defect (west door)

Cormier vs. Mariott International
Kraaz v. LaQuinta Motor Inn, Inc

The Supreme court equated the duty of an Innkeeper to that required of a common carrier to insure the safety of their passengers. The carrier must prove a lack of negligence anytime a passenger is hurt. The Innkeeper has a duty to take reasonable precautions against criminals or suspicous activity. Safeguarding the room keys is a minimum requirement. LsA-C.C. Art. 2315; 2320

The jurisprudence of atleast 23 states, including La. expressly support the principle that the proprietor of a saloon or tavern has the duty to exercise reasonable care to protect patrons from assault

A duty may be imposed upon a business to protect others from the criminal activities of third persons which occur on the business premises. ① business which has a particular knowledge of the impending occurence of a criminal act has a duty to protect. ③ a duty arises when there is, or should have been an awareness of a pattern of conduct which made the particular injury-causing criminal conduct foreseeable.

They became aware when Mr. Guttonberry was given a key or let into the room while we were out shopping. He pulled the refrigerator out to block the entrance into the room. Suspicous activity was then made known to the manager. The desk attendant should have been told to look out for mr. Guttonberry.


Please forward to all parties


THANK YOU