UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DAVID ANDREW LUEBKEMAN**            **CIVIL ACTION NO. 20-1444**

                                           **SECTION P**

**VS.**

                                           **JUDGE TERRY A. DOUGHTY**

**WOODSPRINGS INN & SUITES HOTEL**      **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Plaintiff David Andrew Luebkeman, a prisoner at Ouachita Parish Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately November 4, 2020, under 42 U.S.C. § 1983. He names Woodsprings Inn and Suites Hotel as defendant.[1] For reasons below, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff states that on December 1, 2019, he was a guest at Woodsprings Inn and Suites Hotel in West Monroe, Louisiana. [doc. #1, p. 5]. While he was away from the hotel, a man named Derick Wade Auttonberry entered Plaintiff's hotel room. *Id.* When Plaintiff returned to his room with the hotel manager, the manager told Auttonberry "to leave and not return." *Id.* at 6. The manager also told Auttonberry that if he returned, he "would be trespassing and the police would be notified." *Id.*

"In the early morning hours later that night two males gained entry to the hotel through the (west) side entrance." *Id.* "Posing as security personnel for the hotel, they knocked on [Plaintiff's] door." *Id.* When Plaintiff opened the door, the two men "viciously" beat him with

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

weapons, causing him head trauma, broken facial bones, and severe face lacerations. *Id.* Auttonberry was one of the assailants. *Id.* at 7.

Plaintiff faults Defendant for negligence, claiming that Defendant failed to repair a defective door through which the assailants may have entered, failed to maintain adequate security, failed to maintain the safety of guests by safeguarding the room keys, and failed to exercise reasonable care to protect guests from assault. *Id.* at 7, 9-10

Plaintiff seeks compensation for his "disfigurement, mental pain and suffering, medical bills, and loss of feeling in [his] face." *Id.* at 8.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

"based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state

3

a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. State Actor**

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "Private individuals generally are not considered to act under color of law, *i.e.,* are not considered state actors . . . ." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). "[A] private individual may . . . act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (addition in brackets).

Here, Plaintiff faults Woodsprings Inn and Suites Hotel for various acts of alleged negligence. But Defendant is, manifestly, a private actor, and Plaintiff does not allege, for instance, that Defendant conspired with a state actor, participated in joint activity with a state

4

actor, or otherwise acted under color of state law.[3]  See *Thomas v. Abebe*, 2020 WL 6375119, at *2 (5th Cir. Oct. 29, 2020) ("[A]bsent any allegation that the defendants were 'jointly engaged with state officials in the challenged action,' [the plaintiff] fails to state a claim under § 1983."). Accordingly, the Court should dismiss Plaintiff's claims.

To the extent Plaintiff wishes to pursue negligence claims against Defendant, he should do so in state court.

### **Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff David Andrew Luebkeman's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

---

[3] See *Roque v. Jazz Casino Co. LLC*, 388 F. App'x 402 (5th Cir. 2010) (hotel and its supervisory employee were not state actors); *Millenson v. New Hotel Monteleone, Inc.*, 475 F.2d 736, 737 (5th Cir. 1973) ("Nor can it be said to make the State in any realistic sense a partner or even a joint venturer in the [hotel's] enterprise."); *Maynard v. Price Realty Co.*, 102 F. App'x 854, 855 (5th Cir. 2004) (finding that a realty company which owned an apartment complex was not a state actor).

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 17th day of December, 2020.

*[signature]*
Karen L. Hayes
United States Magistrate Judge